IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JULIA B. DAVIS,                              *

    Plaintiff,                              *

        v.                                       *        2:05-CV-21-MEF
                                                          (WO)
LT. HAWTHORNE, *et al.*,            *

    Defendants.                         *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Julia Davis ["Davis"], an inmate proceeding *pro se*, files this complaint under 42 U.S.C. § 1983. She seeks damages and injunctive relief against Defendants in their official and individual capacities for alleged violations of her Eighth Amendment right to be free from exposure to environmental tobacco smoke ["ETS"], also known as second-hand smoke. The named defendants are Lieutenant Lenita Hawthorne, Warden Gladys Deese, and Deputy Warden Frank Albright.[1]

In response to the orders of the court, Defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. The court then informed Plaintiff that Defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. Plaintiff filed a response to the special

---

[1]These designations were correct at the time Davis filed this action.

report filed by Defendants. This case is now pending on Defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition to the motion, the court concludes that Defendants' motion for summary judgment is due to be granted.

## I. BACKGROUND

At the time she filed this action, Davis was confined at the Julia Tutwiler Prison for Women ["Tutwiler"].[2] She maintains that prison officials knowingly expose non-smokers to levels of ETS which pose an unreasonable risk of serious damage to their current and future health. Specifically, Davis complains that: (1) prison officials do not adequately enforce Tutwiler's no-smoking policy which forces non-smokers and sick inmates to be housed in dormitories in which 90% or more of the inmates are allowed to smoke; (2) cigarettes are available to inmates through the canteen; (3) exhaust fans must be turned on because of excessive smoke; (4) prison personnel ignore requests for a non-smoking dorm; and (5) inadequate staffing allows an unreasonable level of inside smoking to occur. Davis asserts that, instead of addressing the ETS problem, prison staff made inmates sign peace agreements and "dared [them] [to] speak about it again." Additionally, Davis contends that inmates who complain about the second-hand smoke are labeled "problem inmates." (Doc. Nos. 1, 15.)

Defendants have produced evidence that the Alabama Department of Corrections'

---

[2] Since the filing of this complaint, Davis has been released from custody.

["ADOC"] Administrative Regulation 9 and Tutwiler's Standard Operating Procedure ["SOP"] 15-10 establish responsibilities, policies, and procedures to provide a healthful, comfortable, and productive work/living environment for employees, inmates, visitors, and contractors. Regulation 9 and SOP 15-10 expressly forbid smoking and the use of smokeless tobacco within all buildings and vehicles of the Tutwiler prison and the ADOC. According to defendants, prison staff enforce this policy to the best of their ability and all dorms and common areas are patrolled in an attempt to ensure that the prison is a smoke-free environment. Smoking is permitted outside all buildings/institutions only at designated smoking areas which are not closer than ten feet to the entrance of a building/institution. Defendants state that inmates who violate the institutional rules and regulations against smoking are subject to disciplinary action. Defendants further state that bed assignments at Tutwiler are made based on availability and not on whether inmates are smokers or non-smokers. (Doc. No.13, Exhs. 1-3 and Attachments.)

## II. STANDARD OF REVIEW

To survive Defendants' properly supported motion for summary judgment, Davis is required to produce some evidence to support her constitutional claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). She must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. Davis' mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a party "fails to make a showing sufficient

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" summary judgment is due to be granted in favor of the moving party. *Celotex,* 477 U.S. at 322; *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex,* 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to a liberal interpretation by the courts, a *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a material fact in order to avert summary judgment. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). The record in this case demonstrates that Davis has failed to establish that there is any genuine issue as to a material fact in order to avert judgment in favor of Defendants.

### III. DISCUSSION

*A. The Request for Injunctive Relief*

Davis is no longer incarcerated. The transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *see also Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate

threat of repeated injury). As it is clear from the pleadings and records before the court that Davis is no longer incarcerated, her request for injunctive relief has been rendered moot.

*B. The Eighth Amendment Claim*

Davis maintains that Defendants acted with deliberate indifference to her present and future health by causing her to be exposed to second-hand smoke. The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Id.* at 347. The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349). Thus, it is well-settled that the treatment a prisoner receives and the conditions under which she is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

Under the Eight Amendment prison officials have a duty to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling,* 509 U.S. at 33. In order to demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove that she was denied the "minimal civilized measure of life's necessities."

5

*Id.* The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to h[er] future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837. Similarly, a claim that prison officials acted with deliberate indifference to a serious medical need requires a plaintiff to satisfy both an objective and subjective inquiry. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, to establish that prison staff acted with deliberate indifference to a serious medical need, an inmate is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

To establish a claim based on exposure to ETS, Davis must show that, with deliberate indifference, Defendants exposed her to levels of second-hand smoke that posed an unreasonable risk of serious damage to her future health. *Helling,* 509 U.S. at 35. Thus, Davis must produce "objective" evidence of the degree of her exposure and its effect on her and "subjective" evidence of deliberative indifference by prison officials. *Id.* at 35-37. "Relevant facts will include whether the prisoner remains housed in the environment and whether the facility has enacted a formal smoking policy." *Kelley v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005). "Anecdotal accounts" of smoking at the jail have been held to be insufficient for purposes of demonstrating the objective component of an Eighth Amendment

ETS claim. *See Scott v. District of Columbia,* 139 F.3d 940, 942 (D.C. Cir. 1998). The subjective prong requires Davis to demonstrate "that prison authorities demonstrated a 'deliberate indifference' to h[er] plight. The adoption of a smoking policy 'will bear heavily on the inquiry into deliberate indifference.'" *Kelly*, 400 F.3d at 1284.

In this case, Davis complains in conclusory terms that Defendants deliberately exposed her to high levels of ETS. However, Davis has failed to establish that the conditions at Tutwiler caused her serious harm. Documents submitted by Davis in opposition to Defendants' dispositive motion consist of medical records prepared by a free-world physician between January 1998 and November 2002. (Doc. No. 19.) These records reflect that during this time Davis received treatment for, among other conditions, asthma. Davis does not, however, submit any evidence regarding the severity of her asthma while she was at Tutwiler or evidence indicated that she required treatment for this condition while she was in prison. Further, she has not established that, if she did suffer from asthma which required treatment during or after her incarceration, that such condition was exacerbated by her exposure to ETS at Tutwiler. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). Likewise, Davis submits no evidence to show that the asthma attacks she claims she suffered in January 2004 and February 2005 were causally linked to her exposure to ETS at the prison. *See Hale*, 50 F.3d at 1582. Additionally, Davis' claim that inmates who complained about ETS were labeled as trouble-makers by prison officials and that inmates were warned not to complain about ETS after signing peace agreements are conclusory, self-serving statements, the sort of anecdotal evidence found insufficient to demonstrate the objective component of an

Eighth Amendment ETS claim. *Scott*, 139 F.3d at 942. Thus, under the objective standard, the court finds that Davis has not shown that she was exposed to unreasonably high levels of ETS.

Nonetheless, assuming, *arguendo*, that Davis could satisfy the objective component of her deliberate indifference claim, she cannot meet the subjective component. Even if Davis could show that her asthmatic condition was exacerbated by ETS at Tutwiler, she has not demonstrated that Defendants were deliberately indifferent to her condition. It is undisputed that ADOC regulations prohibit smoking in prison facilities and that inmates caught smoking are subject to disciplinary action. While Davis alleges that inadequate staffing provides inmates with opportunities to smoke within the buildings at Tutwiler, her claim fails to establish Defendants' deliberate indifference. At most, her claim alleges "imperfect enforcement" of the no-smoking policy which shows at worst negligence but not deliberate indifference. *See Scott*, 139 F.3d at 944) (finding that deliberate indifference requires something more than imperfect enforcement of a prison's smoking policy); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the unintentional loss of life, liberty or property does not state a cause of action under § 1983). Deliberate indifference is a culpable state of mind beyond negligence. *See Farmer*, 511 U.S. at 835. Based on the foregoing, the court concludes that Defendant's motion for summary judgment is due to be granted.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    The motion for summary judgment filed by Defendants (Doc. No. 13) be

GRANTED;

    2.  Judgment be GRANTED in favor of Defendants and against Plaintiff;

    3.  This case be DISMISSED with prejudice; and

    4. The costs of this proceeding be TAXED against Plaintiff for which execution may issue.

It is further

ORDERED that on or before **April 24, 2007** the parties may file objections to the Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of April, 2007.

                                                 /s/ Susan Russ Walker  
                                                 SUSAN RUSS WALKER  
                                                 UNITED STATES MAGISTRATE JUDGE